UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NICHOLAS RUSHLOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:18-CV-496-JD-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Nicholas Rushlow, a prisoner without a lawyer, filed a habeas corpus petition

challenging a disciplinary hearing (ISP 18-03-417) where a Disciplinary Hearing Officer

(DHO) found him guilty of aiding and abetting in the assault of another offender in

violation of Indiana Department of Correction (IDOC) policies A-102 and A-111 on

April 12, 2018.  ECF 1 at 1.  As a result, he was sanctioned with the loss of 60 days

earned credit time and a one-step demotion in credit class.  *Id.*  The Warden has filed

the administrative record and Rushlow has filed a traverse.  Thus this case is fully

briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due

process rights in prison disciplinary hearings: (1) advance written notice of the charges;

(2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to

call witnesses and present documentary evidence in defense, when consistent with

institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974).  To satisfy due process, there must also be "some evidence" in the

record to support the guilty finding.  *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445,

455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether

there is any evidence in the record that could support the conclusion reached by the

disciplinary board."  *Hill*, 472 U.S. at 455-56.  "In reviewing a decision for some

evidence, courts are not required to conduct an examination of the entire record,

independently assess witness credibility, or weigh the evidence, but only determine

whether the prison disciplinary board's decision to revoke good time credits has some

factual basis."  *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks

omitted).

> [T]he findings of a prison disciplinary board [need only] have the support
> of some evidence in the record.  This is a lenient standard, requiring no
> more than a modicum of evidence.  Even meager proof will suffice, so
> long as the record is not so devoid of evidence that the findings of the
> disciplinary board were without support or otherwise arbitrary. Although
> some evidence is not much, it still must point to the accused's guilt.  It is
> not our province to assess the comparative weight of the evidence
> underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations,

parenthesis, and ellipsis omitted).

Here, Rushlow was found guilty of violating IDOC offenses A-102 and A-111

because he aided and abetted in the assault of another offender.  Specifically, IDOC

offense A-102 prohibits inmates from "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. https://www.in.gov/idoc/files/ 02-04-101%20Appendix%20I%206-4-2018.pdf. IDOC offense A-111 prohibits inmates from "[a]ttempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense." *See* Appendix I, *supra*.

Investigator Burke wrote a conduct report charging Rushlow as follows:

On March 21, 2018 at approximately 1:08pm, Offender Rushlow, Nicholas DOC #968135, can be seen aiding and abetting the assault against another offender in ACH. Offender Rushlow was with the suspect before and during the time of the incident.

ECF 12-1 at 1. He also prepared a report of investigation, which states:

On March 21, 2018, Offender Williamson, Jerry DOC #250668 approached the Officer's Station in ACH with multiple stab wounds. The cameras were reviewed which showed Offenders Worden, Michael DOC #132350 and Rushlow, Nicholas DOC #968135 go into Offender Williamson's cell. Offender Rushlow came out of the cell, followed by Offenders Worden and Williamson. Offenders Worden and Williamson began fighting on the flag. During an interview with Offender Worden, he admitted to punching Offender Williamson.

ECF 12-1 at 2.

On March 27, 2018, Rushlow was notified of the charge when he was served with the conduct and screening reports. ECF 12-1 at 1, ECF 12-2 at 1. During his screening, he requested a "statement from the person that was written in the conduct report." ECF 12-2 at 1. He also asked to view the video footage of the incident asserting the footage

3

would show him simply "walking away" from the assault instead of participating in it. *Id*.

On April 9, 2018, the hearing officer reviewed the video footage and provided the following summary:

> 1:06 p.m.: [O]ffender Worden walks down the flag, stops at a cell and goes back to the front of the range. Offender[] Worden and offender Rushlow walk down the flag together.
>
> 1:07 p.m.: Offender Worden and Offender Rushlow walk towards the front of the range. Both offenders turn around again and go back down the flag. Offender Rushlow stops at cell 128. Offender Worden meets offender Rushlow at the cell. Both offenders step back so that another unknown offender leaves cell 128. Offender Worden runs into the cell. Offender Rushlow stands outside of the cell.
>
> 1:08 p.m.: [O]ffender Rushlow enters the cell. Offender Rushlow steps out of the cell and goes to the front of the flag.

ECF 12-4 at 1.

The hearing officer held Rushlow's hearing on April 12, 2018. ECF 12-6 at 1. At the hearing, the hearing officer recorded Rushlow's statement: "I didn't have anything to do with this. I was in the wrong place at the wrong time. The assault didn't happen in his cell. It happened on the range." *Id*. However, on the basis of the information contained in the conduct report, report of investigation, confidential case file, and video footage, the hearing officer found Rushlow guilty of aiding and abetting in the assault of another offender. *Id*.

In his petition, Rushlow argues there are three grounds which entitle him to habeas corpus relief. ECF 1 at 2-3. In his first ground, he asserts that Investigator Burke

and Officer Everly violated his due process rights when they failed to follow IDOC

policy. ECF 1 at 2. In this regard, Rushlow explains that Investigator Burke, the

reporting officer, initially wrote the conduct report charging him with only violating

offense, A-111—aiding and abetting. *Id.* However, another prison official, Officer

Everly, modified the conduct report to add offense A-102—battery; thereby, charging

him with aiding and abetting in the assault of another offender. *Id.* Thus, he asserts

that, pursuant to IDOC policy, the conduct report should have been returned to

Investigator Burke so that he could have modified it, but instead Officer Everly simply

"took it upon herself to pencil in . . . code A-102." ECF 1 at 2, ECF 16 at 2.

However, habeas corpus relief can only be granted for "violation[s] of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to

follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)

("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*,

271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal

policies had "no bearing on his right to due process"). Therefore, Rushlow's claim that

Officer Everly in some way violated prison policy—by "pencil[ing] in" code A-102 on

the conduct report—is not cognizable and cannot be remedied in a habeas corpus

petition.

In his first ground, Rushlow also seems to claim that his due process rights were

violated because he did not receive adequate notice of the charge because Officer Everly

"changed it well after 24 h[ours]." ECF 1 at 2. Here, Rushlow was entitled to notice of

the factual allegations of the charge at least 24 hours before the hearing. *Wolff*, 418 U.S.

at 564. On March 27, 2018, Rushlow was notified of the charge when he received the

conduct and screening reports. ECF 12-1 at 1, ECF 12-2 at 1. Both offenses, A-102 and

A-111, were clearly listed on these reports. *Id.* Thus, Rushlow was informed of the

rules—A-102 and A-111—he violated as well as the facts underlying the charge 16 days

prior to his disciplinary hearing, which was held on April 12, 2018. Because Rushlow

had constitutionally adequate notice of the charge and the underlying facts, his due

process rights were satisfied. Therefore, his first ground does not identify a basis for

granting habeas corpus relief.

In his second ground, he asserts his due process rights were violated because

there was insufficient evidence of his guilt. ECF 1 at 2. In assessing the sufficiency of

the evidence, a conduct report alone can be enough to support a finding of guilt.

*McPherson*, 188 F.3d at 786. Such is the case here. In this case, Investigator Burke

documented that, on March 21, 2018, at approximately 1:08 p.m., Rushlow was seen on

video footage aiding and abetting in the assault of another offender—Williamson. ECF

12-1 at 1. In fact, he was observed walking with Worden, who was the perpetrator and

admitted to assaulting Williamson, before and during the incident. ECF 12-1 at 1, ECF

12-4 at 1. The video footage shows they walked down the flag (an open area by the

cells) and back to the front of the range together before turning around and going back

down to the flag a second time. ECF 12-4 at 1. Rushlow then stopped at Williamson's

cell and Worden walked up and met Rushlow at the cell door. *Id.* Both offenders

stepped back from the cell when an unidentified offender left Williamson's cell. *Id*. Worden then ran into the cell while Rushlow stood outside of the cell. *Id*. A few seconds later, Rushlow entered the cell. *Id*. He then stepped back out of the cell and headed toward the front of the flag. *Id*. In sum, the video footage showed that Rushlow was in the exact location of the assault when it took place and with Worden both before and during the assault. ECF 12 at 7, ECF 15. Thus, it was reasonable for the hearing officer to infer that Rushlow aided and abetted in the assault because, as he and Worden walked back and forth down the flag, they appeared to be "casing" Williamson's cell. After finding Williamson in his cell, they approached the cell and Rushlow, who stood outside the cell, acted as a "lookout" while Worden ran inside the cell and assaulted Williamson. These facts alone constitute "some evidence" that Rushlow was guilty of aiding and abetting Worden in the attack on Williamson.

Nevertheless, Rushlow argues there was insufficient evidence for the hearing officer to find him guilty. ECF 1 at 2. In this regard, he first claims the video footage does not support the conviction because it "only shows [him] talking to the alleged perpetrator before the assault." *Id*. Rushlow next states the footage never showed him "committing any offense or aiding in the assault." *Id*. And lastly he explains the video footage shows he is innocent of the offense because he is "walking away during the assault." *Id*. Therefore, according to Rushlow, he was simply in the wrong place at the wrong time. ECF 16 at 2.

But here Rushlow is inviting the court to reweigh the evidence. In other words,

he is asking the court to credit his version of the events. However, the court is not

"required to conduct an examination of the entire record, independently assess witness

credibility, or weigh the evidence." *McPherson*, 188 F.3d at 786. Rather, it is the court's

role to determine if the hearing officer's decision to revoke good time credits has some

factual basis. *Id*. Because the hearing officer considered the video footage, which

showed Rushlow was in the exact location where the assault took place and he was

with Worden before and during the assault, there was no violation of Rushlow's due

process rights. *Hill*, 472 U.S. at 456-57 ("the relevant question is whether there is any

evidence in the record that could support the conclusion reached by the disciplinary

board."). In other words, the hearing officer's conclusion that Rushlow was guilty was

neither arbitrary nor unreasonable in light of the evidence—conduct report, report of

investigation, confidential case file, and video footage—in this case. Therefore,

Rushlow's second ground does not state a basis for habeas corpus relief.

In his third ground, Rushlow argues his due process rights were violated

because he was denied the right to present evidence in his defense. ECF 1 at 3. A

prisoner has a right to call witnesses and present documentary evidence in a prison

disciplinary proceeding. *Wolff*, 418 U.S. at 566. Here, Rushlow's right to present

evidence was satisfied. While Rushlow asserts his due process rights were violated

because the hearing officer denied his request for statements from Worden and

Williamson, his assertion is inconsistent with the record. ECF 1 at 3, ECF 12-2 at 1. The

screening report shows he requested a "statement from the person that was written in the conduct report." ECF 12-2 at 1. In other words, Rushlow did not request any witness by name or otherwise identify the person whose statement he was requesting. Instead, he simply made a vague reference to someone mentioned in the conduct report. The court's review of the record shows that, while an attempt was made to obtain Williamson's statement, he declined to provide one. ECF 12-3 at 1. Therefore, Rushlow's due process rights were not violated because he never requested statements from either of these offenders.

A hearing officer's improper exclusion of evidence will be deemed harmless unless there is some indication from the record that the evidence "might have aided [the prisoner's] defense." *Piggie*, 342 F.3d at 666. But here Rushlow has not identified anything from either Worden or Williamson that would prove to be exculpatory or that might have aided his defense. He claims in his petition that Worden talked to the hearing officer before the hearing and told her Rushlow was not involved in the assault. ECF 1 at 3. If true, the hearing officer would have been privy to what Worden would have said in a written statement, if one had been obtained. And the fact Worden stated he acted alone is not dispositive here. Moreover, Worden and Williamson were interviewed by internal affairs investigators and their statements are included in the confidential case file. ECF 15. Because the hearing officer reviewed the confidential file, Worden's and Williamson's statements were part of the evidence she considered in this case. Furthermore, as stated, the hearing officer reviewed the video of the incident and

provided a written summary of it. ECF 12-4 at 1. The court's review of the video shows

the hearing officer's summary accurately describes the incident and the footage does

not contain any exculpatory evidence that would exonerate Rushlow of the offense.

Thus, Rushlow has not shown he was denied evidence needed to mount a defense or

denied statements from Worden and Williamson that would have altered the outcome

of his hearing. Therefore, this third ground does not identify a basis for granting habeas

corpus relief.

   If Rushlow wants to appeal this order, he does not need a certificate of

appealability because he is challenging a prison disciplinary proceeding. *See Evans v.*

*Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case

could not be taken in good faith.

   For these reasons, Nicholas Rushlow's petition for writ of habeas corpus is

DENIED. The clerk is DIRECTED to close this case.

   SO ORDERED on April 4, 2019

                                    _____/s/ JON E. DEGUILIO_____
                                    JUDGE
                                    UNITED STATES DISTRICT COURT